*Judge Hellerstein*

Evan S. Schwartz
Michail Z. Hack
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530

Attorneys for Plaintiff

10 CIV 5730

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH GAROFALO,

      Plaintiff,

  - against -

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

      Defendant.

Civil Action No.:

**COMPLAINT**

**JURY TRIAL
DEMANDED**

---

  Plaintiff, JOSEPH GAROFALO, by and through his attorneys, QUADRINO SCHWARTZ, as and for his Complaint against Defendant RELIANCE STANDARD LIFE INSURANCE hereby sets forth the following:

**THE PARTIES**

  1. At all times hereinafter mentioned, Plaintiff JOSEPH GAROFALO, (hereinafter "Garofalo"), was and still is a resident of the County of Queens, State of New York.

  2. Defendant Reliance Standard Life Insurance Company ("Reliance") offers long term disability policies to employers such as Plaintiff's employer, Bovis Lend Lease Holdings, Inc.

1

3. Upon information and belief and at all times hereinafter mentioned, Defendant Reliance is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

6. On or about July 1, 1990 Defendant issued a group long term disability policy (the "Policy") to Plaintiff's employer, Bovis Lend Lease Holdings, Inc. (hereinafter, "Bovis")

7. At all times hereinafter mentioned, the Policy was issued for the benefit of certain eligible Bovis employees in exchange for the payment of premiums.

8. At all times mentioned herein, Plaintiff was eligible for benefits and is a beneficiary under the Policy issued by Defendant.

9. The Policy provides, *inter alia*, that monthly benefit payments will be made to Plaintiff in the event that he is "totally disabled."

10. Prior to becoming an employee eligible for benefits under the Policy issued by Reliance to Bovis, Plaintiff was a Corrections Officer for the New York City Correction Department.

11. On or before September 10, 2001, Plaintiff was assigned to the New York City Correction Department's headquarters at 60 Hudson Street.

12. After his shift ended on September 11, 2001, Mr. Garofalo selflessly volunteered for and took part in the search and rescue operation at the World Trade Center disaster site. For more than a week following the terrorist attacks of September 11, 2001, Mr. Garofalo worked full time at the relocated Corrections Department on Riker's Island, and then went immediately to the disaster site, where he worked through the night until 6:00 a.m. in the morning searching for trapped and injured victims. Mr. Garofalo then reported directly to his re-established Riker's Island office and worked the 7:00 a.m. to 3:00 p.m. shift.

13. Unfortunately, during the course of his efforts at the disaster site, Mr. Garofalo was exposed to extremely harmful toxins, the symptoms of which began to manifest themselves in early 2006.

14. As a result of his exposure to the toxins at the World Trade Center disaster site, Mr. Garofalo developed Morgellons Disease, World Trade Center Multi-Toxin Exposure Disease, Fibromyalgia, Asthma, Reactive Airways Dysfunction Syndrome (RADS), Multi-Parasitic Infection, Recurrent Sinus Infections, Persistent and Recurrent Chronic Sinusitis, and Gastroesophageal Reflux.

15. In or about June, 2006, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible beneficiary, Plaintiff became "totally disabled" within the meaning and pursuant to the terms of the Policy.

16. Plaintiff filed a claim, cooperated with Defendants, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

17. After a review of Plaintiff's claim and based on the recommendations of its own medical personnel who concluded that Mr. Garofalo's restrictions and limitations rendered him

unable to perform even a sedentary occupation, Defendant admitted Mr. Garofalo's total disability and paid him total disability benefits from in or about December 2006 through January 23, 2008.

18. Defendant terminated Mr. Garofalo's claim on January 23, 2008 claiming that Mr. Garofalo's condition had improved.

19. Defendant's conclusion that Mr. Garofalo's condition had improved was without foundation and contrary to all of the medical evidence in Mr. Garofalo's file.

20. Mr. Garofalo administratively "appealed" Reliance's adverse benefit determination.

21. By letter dated August 3, 2009, Reliance admitted it was wrong to deny Mr. Garofalo's long term disability benefits.

22. By letter dated August 11, 2009, Defendant paid Mr. Garofalo benefits through to December 12, 2008.

23. Reliance's August 11, 2009 letter advised Mr. Garofalo that the additional benefits paid to him were reduced by Reliance by the amount it estimated he would be entitled to receive in Social Security Disability Insurance Benefits.

24. Reliance believed that Mr. Garofalo was eligible for Social Security Disability Insurance benefits because he was not only incapable performing his past relevant work but also because his disability was of such a severity that he could not engage in any occupation existing in the national economy.

25. Reliance's August 11, 2009 letter advised Mr. Garofalo that it did not pay benefits past December 12, 2008 because Reliance had to verify that he was totally disabled by virtue of his inability to perform the material duties of any occupation.

26. By correspondence dated September 18, 2009, Defendant advised Mr. Garofalo that he was not totally disabled under the policy because he could perform certain occupations in a well ventilated environment.

27. Through his attorneys, Mr. Garofalo timely appealed Defendant's September 18, 2009 adverse benefit determination on May 4, 2010.

28. 83 days have elapsed since the submission of the appeal and the date of this Complaint.

29. The Department of Labor Regulation (hereinafter, the "Regulation") requires Defendant to provide Plaintiff with notice of its determination upon review of his appeal within 45 days of receipt of the appeal. 29 C.F.R §2560.503-1(i)(1)(i).

30. Because Defendant failed to provide Plaintiff with a timely determination upon review, Plaintiff has exhausted his administrative remedies by operation law and is free to pursue his legal remedies under Section 502(a) of ERISA [29 U.S.C. § 1132 (a)]. 29 C.F.R §2560.503-1(l). Strict compliance with the Regulation is the standard and courts do not recognize a carrier's attempt at "substantial compliance" with the Regulation. Nichols v. Prudential Ins. Co. of America, 406 F.3d 98, 101 (2d. Cir. 2005)(holding "[t]hat the plain language of 29 C.F.R. § 2560.503-1(h) precludes the judicial creation of a "substantial compliance" doctrine."); see also, Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 223 (2d Cir. 2006) (instructing that the Second Circuit's adherence to the Regulation is "uncompromising").

31. Because of Defendant's inability to render a timely benefit determination, Defendant has, by operation of law, failed to provide Plaintiff with a fair claims process designed to yield a decision on the merits of his claim.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

32. Under the terms of the Policy, Defendant is obligated to pay Plaintiff his "total disability" benefit.

33. Despite Plaintiff's total disability, Defendant refused and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

34. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

35. Defendant is a conflicted decision maker because they have a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced their adverse benefit determinations.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, Garofalo, prays that he may have an order and/or judgment pursuant to ERISA §502(a)(1)(B) as follows:

a) Plaintiff is "totally disabled" pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant;

b) Defendant must pay all benefits in arrears due and owing plus interest;

c) Such other relief as the Court deems just and equitable; and

d) Reasonable attorneys' fees.

Dated: Garden City, New York
July 26, 2010

QUADRINO SCHWARTZ

By: _____
Michail Z. Hack
Evan S. Schwartz
Attorneys for Plaintiff
*Joseph Garofalo*
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122