# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Independence Square West, The Curtis Center, Suite 1130 East, Philadelphia, PA 19106-3308
Tel: 215.627.6900  Fax: 215.627.2665

*Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*



RECEIVED SEP 14 2011 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 9/22/11

September 14, 2011

**VIA FACSIMILE (212) 805-7942**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Joseph Garofalo v. Reliance Standard Life Insurance Company
USDC-Southern District of New York
Case No.: 1:10-cv-05730-AKH

Dear Judge Hellerstein:

The undersigned represents defendant Reliance Standard in this ERISA long term disability lawsuit. We are responding to Mr. Hack's letter to the Court dated September 13, 2011, regarding the IME that has been noticed for September 21, 2011.

Plaintiff is objecting to the doctor selected for the IME and is asking the Court to appoint a doctor. As reflected in Mr. Hack's letter, this was an option that was discussed during the conference. However, plaintiff ignores the lengthy discussion that transpired after we went off the record. At that time, the Court left it to defendant to arrange for the IME, which it did. In doing so, Reliance Standard also heeded the Court's suggestions regarding the selection of a doctor.

First, I would like to address the doctor's qualifications, a subject that plaintiff completely ignores. Aboaba A.A. Afilaka Jr., M.D. is an Assistant Professor of Preventative Medicine at Mount Sinai School of Medicine. He is Certified in Occupational Medicine and has specific experience with WTC-related diseases. A copy of Dr. Afilaka's on-line bio is enclosed. The doctor is clearly qualified to offer an opinion in this case.

We will now respond to the arguments raised in plaintiff's letter. It is worth noting that none of those arguments raise a question as to this doctor's qualifications. Instead, it is plaintiff's position that there must be something wrong with any doctor selected by defendant. Without any facts supporting his position, plaintiff also argues that there may be an incentive for

595894.1

---

Handwritten annotation (Judge's notes):

I have read the parties' correspondence. The nature of the controversy — pl's claim of a disease — Morgellons Disease — and the controversy surrounding it makes it inadvisable for the Court to appoint a neutral medical evaluator. The Court will discuss w/ the parties (pl's) discovery suggestion of a conference to be held Oct. 7, 2011, 10:00 am

9-22-11
/s/ AKH

September 14, 2011
Page 2

a doctor repeatedly retained by a defendant to find that the person is not disabled. Plaintiff makes this argument without even knowing whether Dr. Afilaka has previously provided any opinions to Reliance Standard. In fact, Dr. Afilaka has provided an opinion to Reliance Standard once before. In that claim, Dr. Afilaka found that the claimant was impaired and as a result of that opinion, benefits were paid to the claimant.[1] This is hardly evidence of bias.

Plaintiff also questions Reliance Standard's use of MES to locate a doctor to perform the IME. Of course, if Reliance Standard retained the doctor directly, plaintiff would complain about that fact. The concerns plaintiff raises regarding the selection of doctors by MES are at times raised by plaintiffs in the context of a paper review of the medical records. They have no applicability to an in person examination.

Finally, plaintiff distorts the history of Reliance Standard's pre-suit attempts to locate a doctor for an IME. It was *Reliance Standard* who rejected the use of certain doctors because they disputed the existence of Morgellons. While they are clearly not alone as Morgellons is disputed by many doctors, Reliance Standard wanted to ensure that the IME would take place with a doctor with an open mind. How these facts demonstrate bias by Reliance Standard is incomprehensible. Of note, a recent study conducted by the Mayo Clinic of 108 patients found no objective evidence supporting the patients' complaints. A synopsis of the report from the Archives of Dermatology is enclosured.

Plaintiff is correct in one respect. A leopard does not change its spots. Plaintiff has been obstreperous and uncooperative throughout the history of the claim. The games of counsel for plaintiff continue with his current efforts to derail the IME. We are under very limited time to complete discovery. Additionally, there will be a cancelation fee after today if the examination of Dr. Afilaka does not go forward. Therefore, we ask the Court to hold a telephone conference *today* if at all possible to discuss this matter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

Joshua Bachrach

cc: Michail Z. Hack

---

[1] Reliance Standard investigated its prior use of Dr. Afilaka after plaintiff voiced his objection.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

595894.1

Judge wrote:

"I have read the parties' correspondence. The nature of plaintiff's claim of a disease – Morgellons Disease – and the controversy surrounding it, makes it inadvisable for the Court to appoint a neutral medial evaluator. The Court will dismiss the parties' discovery suggestion at a conference to be held Octobert 7, 2011, 10:00 a.m.

9-22-11
Alvin K. Hellerstein"